IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRYL JAYVONN LEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0256 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner DARRYL JAYVONN LEE has filed with this Court an application for habeas corpus relief under 28 U.S.C. § 2241 et seq. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DENIED.

I.
PROCEDURAL HISTORY

On June 23, 1998, petitioner was indicted in the 156th Judicial District Court of Bee County, Texas for the felony offense of assault on a public servant, enhanced by two prior felony convictions. *State v. Lee*, No. B-98-M012-0-PR-B.

On September 25, 2003, petitioner was charged by information with 1st degree felony rape and kidnaping out of the District Court in and for Oklahoma County, Oklahoma. *State v. Lee*, No. CF-2003-5314. On October 22, 2003, a warrant for petitioner's arrest for these charges issued.

On May 4, 2004, petitioner was tried and convicted by a jury of the felony offense of assault on a public servant in Bee County, Texas, and received a twenty (20) year sentence of confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) for such offense.

On August 13, 2004, the Oklahoma County, Oklahoma Sheriff's Office instructed TDCJ-CID to place a detainer on petitioner for the unresolved charges pending in that county pursuant to the Interstate Agreement on Detainers Act (IADA). The Oklahoma authorities also advised that if petitioner did not waive extradition, they would pursue formal extradition proceedings. On August 23, 2004, TDCJ-CID placed the detainer on petitioner and, on August 24, 2004, advised petitioner of the detainer, his right to request a final disposition of the case pursuant to which the detainer had been lodged, and the fact that his request for final disposition would constitute a waiver of extradition. On September 2, 2004, petitioner signed a written request for a final disposition of the pending Oklahoma rape charges, waived extradition to Oklahoma to face the charges, waived extradition to Oklahoma to serve any sentence assessed as a result of the charges after completion of his Texas sentence, and voluntarily consented to his return to the TDCJ-CID institution in which he was then confined. *Respondent's Production of Documents Pursuant to Order of February 9, 2007*, Exhibit B at 7.

On October 4, 2004, Oklahoma County, Oklahoma authorities were given temporary custodial possession of petitioner pursuant to the IADA. Petitioner was held by Oklahoma authorities in that state until the Oklahoma charges were dismissed on April 1, 2005. Under the provisions of the IADA, petitioner was to be returned to Texas, the sending state, upon disposition of the charges in Oklahoma. However, on April 4, 2005, petitioner was erroneously released by the Oklahoma authorities rather than being detained for transport back to Texas. On June 1, 2005,

approximately two months later, petitioner was arrested and returned to TDCJ-CID custody.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges he is being confined in violation of the Constitution and/or laws of the United States for the following reasons:

1. Petitioner's return to TDCJ-CID to serve the remaining portion of his 20-year sentence violates the prohibition against double jeopardy because petitioner discharged his Texas sentence October 4, 2004 when he was extradited to Oklahoma to face charges in that state;

2. Petitioner's return to TDCJ-CID was unconstitutional because he was denied an extradition hearing before a judge, was not advised of his extradition rights, and was not advised of his right to challenge his arrest or extradition;

3. Petitioner's arrest in Oklahoma was an unconstitutional seizure because there was no search warrant or fugitive warrant, he was not advised of his *Miranda* rights, he was denied counsel and the right to appear before a judge, and was not advised of his extradition rights; and

4. Petitioner was denied effective assistance of counsel for failing to challenge his return to Texas to serve his Texas sentence.

Petitioner does not challenge his release to the temporary custody of the Oklahoma authorities pursuant to the IADA. Instead, he only challenges his return to TDCJ-CID's custodial possession.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed a state habeas corpus application, *Ex parte Lee*, App. No. 33,551-10, in which he raised the grounds asserted in this federal petition. On September 13, 2006, the Texas Court of Criminal Appeals denied petitioner relief on the merits. Petitioner has presented, to the highest court of the State of Texas, the substance of the claims he now presents to this federal court. Therefore, it is the opinion of the Magistrate Judge that petitioner has exhausted his available state

court remedies, and that this cause not be dismissed for any failure to exhaust.

## IV.
## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner filed the state habeas application raising the grounds raised here in *Ex parte Lee*, App. No. WR-33,551-10. The Court of Criminal Appeals denied petitioner's habeas application without written order. The ruling of the Texas Court of Criminal Appeals constitutes an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

## V.
## FAILURE TO MEET BURDEN OF PROOF

Since the Texas Court of Criminal Appeals denied petitioner's claims on the merits, this

Court cannot grant habeas corpus relief unless the state court's determination conflicts with clearly established federal law as determined by the Supreme Court or the state court's decision was based on an unreasonable determination of the facts in light of the evidence. Petitioner has failed to meet this burden.

In this federal petition, petitioner presents the same allegations presented in his state habeas application. In his reply to respondent's answer, petitioner argues the state court's decision was based on an unreasonable determination of the facts in light of the evidence before the state court because the state <u>trial</u> court did not conduct an evidentiary hearing, failed to make findings of fact and conclusions of law, and did not specifically address whether petitioner was denied an extradition hearing or denied assistance of counsel. Petitioner appears to contend these alleged failures by the state trial court are evidence the state courts did not carefully consider the facts of his case, thus, resulting in an unreasonable determination of the facts. Even if the state procedural deficiencies or federal constitutional deprivations in the state habeas proceedings petitioner presents did occur, petitioner has not, in any way, met his burden of demonstrating the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court.

In his reply, petitioner also argues the state court's determination conflicts with clearly established federal law as determined by the Supreme Court. Specifically, petitioner argues the Uniform Criminal Extradition Act[1] was "clearly established federal law" at the time the events challenged herein took place, yet the state courts did not apply this law to find petitioner was wrongfully extradited from Oklahoma to Texas without the effective assistance of counsel. As discussed below, that Act was not applicable to this case. Petitioner has not demonstrated the state

---

[1] In Texas, found at Texas Code of Criminal Procedure art. 51.13. In Oklahoma, found at 22 Oklahoma Statutes Annotated § 1141.1 et seq.

court proceeding resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Petitioner has failed to meet his burden of proof and must be denied relief.

## VI.
## MERITS

Even if petitioner could overcome the AEDPA deference hurdle, his allegations of Constitutional error are without merit and should be denied.

### A. No Double Jeopardy Violation

The double jeopardy clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Petitioner appears to argue he is suffering multiple punishments for his Texas offense.

Petitioner has not been punished twice for the same offense. Petitioner was convicted in Texas of the offense of assault of a public servant and was assessed a sentence of confinement in TDCJ-CID for twenty (20) years. Prior to serving this sentence, petitioner, pursuant to his request for final disposition under the IADA, was "made available" to Oklahoma law authorities to face rape charges in that state. The Oklahoma authorities were given only "temporary custody" of petitioner in order to dispose of the charges pending in that jurisdiction.[2] Petitioner's argument that his delivery to the temporary custody of the Oklahoma authorities resulted in a "discharge" of his Texas

---

[2] The purpose of the IADA is to provide for the speedy disposition of charges filed in one jurisdiction against prisoners who are serving sentences in another jurisdiction. Prior to the passage of the IADA, a jurisdiction could file a detainer on a prisoner and refuse to prosecute its case until the prisoner's release from incarceration in the first jurisdiction. Long-outstanding detainers disadvantage prisoners in several significant ways, thus, the IADA was passed to combat the negative effects of such detainers on prisoners. *Birdwell v. Skeen*, 983 F.2d 1332, 1335 (5th Cir. 1993).

sentence is not correct. Nor did petitioner's erroneous release by the Oklahoma authorities discharge the Texas sentence. In order for petitioner to fully discharge his Texas sentence, he must serve a total of 20 <u>calendar</u> years either in prison, on successfully completed conditional release (parole or mandatory supervision), or a combination of both. Currently, petitioner is serving the one and only punishment assessed for his Texas offense. Since petitioner is not suffering multiple punishments for the same crime, this ground should be denied.

### B.  <u>Denial of Extradition Hearing</u>

Texas made petitioner available to Oklahoma authorities, and Oklahoma took temporary custody of petitioner, under the IADA. The IADA provides, in summary, that the state accepting an offer of temporary custody shall utilize such temporary custody only for the purpose of prosecuting on the charge forming the basis of the detainer against the prisoner, and the prisoner shall be returned to the sending state at the "earliest practicable time." During the receiving state's temporary custody of the prisoner, the time being served on the sending state's sentence shall continue to run, and the prisoner, while in the receiving state's temporary custody, shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state. Tex. Code Crim. Proc. art. 51.14 art. V (d) - (g) (Vernons Ann. 2004). The IADA further provides that <u>any request for final disposition of another state's pending charges shall also be deemed</u> to be a waiver of extradition with respect to the proceeding contemplated, a waiver of extradition to the receiving state to serve any sentence there imposed upon him after completion of his term of imprisonment in the sending state, and a further<u> consent voluntarily to be returned to the original place of imprisonment in accordance with the provisions of the IADA</u>. Tex. Code Crim. Proc. art. 51.14, art. III(e). By requesting disposition of his Oklahoma case, petitioner waived any right of

extradition to Oklahoma and, in addition, <u>voluntarily consented to his return to TDCJ-CID after disposition of the charges in Oklahoma</u>.

Petitioner now argues, however, that his return to TDCJ-CID to serve the remainder of his 20-year Texas sentence was unconstitutional because he was denied an extradition hearing before a judge under the Uniform Criminal Extradition Act (UCEA), was not advised of his extradition rights, and was not advised of his right to challenge his arrest or extradition. Petitioner was not entitled to an extradition hearing under the UCEA, nor did he have any rights to extradition.[3] Petitioner was deemed in the custody of and subject to the jurisdiction of Texas at the time he was made available to Oklahoma authorities, when Oklahoma took temporary custody of petitioner, and when he was erroneously released from Oklahoma custody. Upon his apprehension, petitioner was simply returned to the custodial possession of TDCJ-CID. Again, by requesting disposition of his Oklahoma case, petitioner consented to his return to TDCJ-CID after disposition of the charges in Oklahoma. Petitioner has not been denied any constitutional rights and this ground should be denied.

### C.  Unconstitutional Seizure

Petitioner argues his arrest in Oklahoma after his erroneous release was an unconstitutional seizure because there was no search warrant or fugitive warrant, he was not advised of his *Miranda* rights, he was denied counsel and the right to appear before a judge, and was not advised of his extradition rights. Even though he was released in error, petitioner was still in the custody and under the jurisdiction of TDCJ-CID when released by Oklahoma authorities. The Oklahoma

---

[3] Even if this Court were to determine petitioner's return to Texas should have been executed by application of the UCEA or IADA and any failure to do so was error, petitioner has failed to show how any alleged UCEA or IADA violations rose to a level of a fundamental defect which resulted in a complete miscarriage of justice as necessary for federal habeas corpus review. Petitioner was returned to Texas to serve his valid Texas sentence and has not demonstrated any miscarriage of justice.

authorities had no authority to release petitioner from the custody and jurisdiction of TDCJ-CID, therefore, petitioner was considered an escapee from TDCJ-CID. The IADA states that "any escape from temporary custody may be dealt with in the same manner as an escape from the original place of imprisonment or in any other manner permitted by law." Tex. Code Crim. Proc. art. 51.14, art. V(g). Petitioner did not have the above-enumerated rights at the time of his erroneous release from Oklahoma's temporary custody or at the time of his re-arrest as he was an escapee from TDCJ-CID. The Oklahoma authorities were within their rights to enter petitioner's girlfriend's residence and arrest him as an escapee from TDCJ-CID custody.[4]

Assuming, solely for purpose of argument, that petitioner's arrest was somehow deemed unconstitutional, the relief petitioner seeks, *i.e.*, a finding that he has discharged his Texas sentence and could not be returned to Texas, is not available. Any constitutional deficiencies which may have occurred during and after petitioner's arrest did not result in Texas or Oklahoma obtaining any new evidence, or bringing new charges, against petitioner. Consequently, federal habeas corpus relief is not appropriate. *See Davis v. United States*, 424 F.2d 1061, 1063 (5th Cir. 1970) (where no confession or evidence resulted from an allegedly false arrest, no federal claim is stated). Petitioner was serving a valid Texas sentence at the time he was permitted to go to Oklahoma to face charges in that state. Any constitutional deficiencies which may have occurred while in Oklahoma, would not affect the validity of petitioner's Texas sentence or his obligation to serve that sentence. Petitioner is not entitled to any relief.

### D. Assistance of Counsel

Petitioner contends he was denied effective assistance of counsel for failing to challenge his return to Texas to serve his Texas sentence. Again, petitioner was not entitled to counsel as he

---

[4] Petitioner was not "accused of committing a new crime, *i.e.*, escape" as he alleges in his reply.

was simply being returned to the custodial possession of TDCJ-CID. Petitioner's claim of ineffective assistance of counsel is without merit.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner DARRYL JAYVONN LEE be DENIED.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of April 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u>\*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).